IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JOSHUA PYE**                                                                                       **PLAINTIFF**

vs.                                         No. 5:15-cv-678-OLG

**OIL STATES ENERGY SERVICES, LLC**                                   **DEFENDANT**

### RESPONSE TO DEFENDANT'S OBJECTIONS TO ECF NO. 28

According to Defendant's Objection to the Report and Recommendation Granting Plaintiff's Motion for Partial Summary Judgment Motion for Complete Summary Judgment (R&R at ECF No. 28; Objection at ECF No. 31) (hereinafter "Objection"), Magistrate Judge Pamela A. Mathy incorrectly decided every single ruling on every single issue and sub-issue raised in the parties' competing summary judgment motions.[1] The Objection consists of a complete rehashing of its summary judgment arguments, and is actually *longer* than its own Motion for Complete Summary Judgment (ECF No. 17). In Response, Plaintiff incorporates his Response to Defendant's Motion for Complete Summary Judgment (ECF No. 19) with some limited discussion of the Objection below.

Defendant's arguments regarding the Motor Carrier Act (MCA) exemption turn foremost on Defendant's own incorrect legal conclusions, which were properly rejected by the Magistrate Judge. The Magistrate Judge correctly held that Defendant has the

---

   1   Defendant does not object to the Magistrate Judge's decision regarding willfulness, which was decided in Defendant's favor. On this one point, Defendant apparently does not believe the Magistrate Judge erred.

burden of proving the applicability of the MCA exemption, including the inapplicability of the Technical Corrections Act (TCA), that the gross vehicle weight rating (GVWR) rather than the "actual weight" is the proper standard under the TCA, that Plaintiff's use of the F-250 was "work," and that more than *de minimis* use of vehicles weighing more than 10,000 pounds does not preclude the application of the TCA. Report and Recommendation of United States Magistrate Judge (hereinafter "R&R") at Page 13–21. ECF No. 28. Defendant failed to carry its burden of raising a genuine issue of material fact from which a reasonable jury could determine that Plaintiff was exempt under the MCA exemption without resorting to pure speculation.

Defendant's arguments regarding the administrative exemption rise and fall completely on Defendant's misplaced reliance on *Dewan v. M-I, LLC, d/b/a M-I SWACO*, 2016 U.S. Dist. LEXIS 20873 (S.D. Tex. Feb. 2, 2016), a case that is fully distinguishable from the current case. The Magistrate Judge detailed the significant differences between *Dewan* and the current case, stating:

> In *Dewan*, mud engineers were prohibited from "rig work," performed no manual work, and spent "nearly all of their working time related directly to continually monitoring the mud for quality control." The mud engineers' duties included consulting with customers by providing "advice and recommendations regarding problems and optimizing the mud system's operations that would then be implemented by production line workers," choosing which "additives to introduce into the mud to attain the desired level of performance," and promoting and selling company products to customers. Not only did mud engineers perform non-manual duties, mud engineers were responsible for creating, maintaining, and monitoring the mud product and promoting additional products to customers, while plaintiff's duties concerned the performance of defendant's services—the "operation[] and delivery of oilfield equipment for pressure control services at its customers' well-sites." Further, mud engineers sold products to customers and worked as an on-site consultant, providing independent management of the mud performance, without mention of any duties similar to plaintiff whose responsibilities included loading, hauling, setting-up, performing maintenance and repairs, and dismantling oilfield

equipment/machinery.

R&R at fn141 (internal citations omitted). ECF No. 28. The Magistrate Judge also recognized that, unlike the current case, the plaintiffs in *Dewan* "could deviate from and go outside" set parameters "when conditions required them to, thus affecting operating procedures." R&R at Page 30. ECF No. 28.

The only similarity between *Dewan* and this case is that the plaintiffs all work in for an oilfield service provider. This is blatantly insufficient to reach the conclusions that Defendant demands. Yet Defendant repeatedly directs the Court back to *Dewan* throughout its argument regarding the administrative exemption, insisting that *Dewan* commands a different result than was reached by the Magistrate Judge. Defendant's complete reliance on a wholly inapplicable case belies its claim of error in the R&R.

In addition to its absolute dependence on *Dewan*, Defendant suggests that the Magistrate Judge failed to even apply basic summary judgment standards by improperly disregarding and disbelieving Defendant's evidence of Plaintiff's job duties. Objection, Page 12. ECF No. 31. Defendant maintains that the evidence it presented raised a genuine issue of material fact regarding the administrative exemption but that the Magistrate Judge simply credited Plaintiff's evidence over Defendant's.

To the contrary, the Magistrate Judge respected and complied with summary judgment standards. The Magistrate Judge accepted as true Defendant's factual allegations regarding the duties performed by Plaintiff, which *included* Defendant's assertions regarding the importance of Plaintiff's duties in securely loading and operating the trucks used in Defendant's business as well as the accuracy of Plaintiff's job descriptions. R&R at Page 25–27, fn142. Determining whether duties qualify an

employee for an exemption to the FLSA is absolutely the province of the Court. *See Tsyn v Wells Fargo Advisors, LLC*, 2016 U.S. Dist. LEXIS 18587, *8 (N.D. Cal. Feb. 16, 2016) ("In an FLSA suit, the duties that an employee performed is a question of fact. Whether those duties render the employee exempt from the FLSA's overtime-pay mandate is a question of law."); *see also Baldwin v. Key Equip. Fin., Inc.*, 2006 U.S. Dist. LEXIS 51609, *37–38 (D. Colo. July 17, 2006). If the employer fails to provide a basis for determining which duties are "primary duties," then the employer has failed to carry its burden of proving the exemption claimed. *Baldwin*, 2006 U.S. Dist. LEXIS 51609 at *38–39. The Magistrate Judge considered Defendant's evidence regarding Plaintiff's job duties and found it to be insufficient to support the application of the administrative exemption. R&R at Page 30–31. This is the role of the court where an exemption to the FLSA is at issue, and the Magistrate Judge correctly concluded that Defendant had failed to meet its burden of proof.

Finally, Defendant's arguments regarding setoff are just as legally unsound now as they were when Defendant first made them, and Plaintiff stands on his arguments made in his Response (ECF No. 19) along with the analysis made by the Magistrate Judge in the R&R.  Defendant's reliance on cases involving fraudulent reporting of hours by employees to obtain additional pay is obviously misplaced in this case. *See Franks v. Tyhan, Inc.*, 2016 U.S. Dist. LEXIS 50616, *9–11 (S.D. Tex. Apr. 15, 2016) (refusing to strike the affirmative defense of setoff for "payments made on falsified or inflated hours or work reports, and/or loans or advances on wages"); *Cordero v. Voltaire, LLC*, 2013 U.S. Dist. LEXIS 172532, *27–28 (W.D. Tex. Dec. 6, 2013) (plaintiffs concede employer was entitled to seek offset for allegations that plaintiffs

"falsified or inflated their hours, causing [employer] to overpay them"). Defendant's need to resort to such inapposite case law serves only to further reveal the impropriety of Defendant's offset claims.

In sum, the Magistrate Judge did not err in any respects in reaching a decision in this case. This Court should deny and dismiss Defendant's Objection and adopt the R&R in its entirety.

        Respectfully submitted,

        **PLAINTIFF JOSHUA PYE**

        SANFORD LAW FIRM, PLLC
        One Financial Center
        650 S. Shackleford Road, Suite 411
        Little Rock, Arkansas 72211
        Telephone: (501) 221-0088
        Facsimile: (888) 787-2040

By:   */s/ Josh Sanford*
       Josh Sanford
       Texas. Bar No. 24077858
       josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, Josh Sanford, do hereby certify that a true and correct copy of the foregoing RESPONSE was filed on October 24, 2016, using the CM/ECF system, and that the Clerk's electronic notification system will send notice to the attorneys listed below:

William Stukenberg, Esq.
Pamela B. Lindberg, Esq.
JACKSON LEWIS, P.C.
Wedge International Tower
1415 Louisiana, Suite 3325
Houston, Texas 77002
Telephone: 713-650-0404
Facsimile: 713-650-0405
william.stukenberg@jacksonlewis.com

William L. Davis, Esq.
JACKSON LEWIS, P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
Telephone: 214-520-2400
Facsimile: 214-520-2008
davisw@jacksonlewis.com

                                             **JOSH SANFORD**